IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED A. DIXON, JR.,<br>TDCJ NO. 1465037, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-14-01542 |
| GEORGE STRAIT, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Fred A. Dixon, Jr., TDCJ No. 1465037, is an inmate of the TDCJ Montford Unit, facility housing inmates with psychiatric problems. Dixon is known for filing frivolous prisoner civil rights complaints. He has filed over 50 prisoner civil rights lawsuits in the federal courts of Texas, at least ten of which were dismissed pursuant to 28 U.S.C. § 1915(e). See Dixon v. Skyview Unit Food Service Department, No. H-11-2906 (S.D. 2011), citing, No. 3:97cv0856 (N.D. Tex. 1997); Dixon v. State of Texas, No. 3:97cv0360 (S.D. Tex. 1997); Dixon v. State of Texas, No. 3:98cv0440 (S.D. Tex. 1999); Dixon v. State of Texas, No. 3:97cv0856 (N.D. Tex. 2002); Dixon v. State of Texas, No. 3:03cv2792 (N.D. Tex. 2004); Dixon v. Angleton Parole Dept., No. 3:03cv2790 (N.D. Tex. 2004); Dixon v. Does, No. 3:03cv2794 (N.D. Tex. 2004); Dixon v. Freeport City Police, No. 3:03cv2795 (N.D. Tex. 2004) Dixon v. State of Alabama, 3:03cv2233 (N.D. Tex. 2004). Consequently, the Three-Strikes Rule of the Prison

Litigation Reform Act (PLRA) bars Dixon from filing any new prisoner complaints without paying the filing fee in advance unless he is in imminent danger of serious physical harm at the time the suit is filed. 28 U.S.C. § 1915(g).

Dixon has filed a prisoner complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. He is suing George Strait and his band "for 900 tillion [sic] dollar[s]" alleging that Strait "cut up" his sister's children. Dixon also complains about the food services department at his unit, the sheriff's department in Angleton (Brazoria County), Texas, and the Armed Forces of the United States.

It is apparent from the pleadings that Dixon has little or no grasp of reality. Consequently, his complaint is dismissible as frivolous under 28 U.S.C. § 1915(e). Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009) (a complaint is frivolous if "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless."), citing Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir.1999). Moreover, Dixon's pending complaint does not show that he is in any immediate danger of serious physical harm. Therefore, this action should be dismissed because Dixon is barred under 28 U.S.C. § 1915(g). Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

## Conclusion and Order

The court **ORDERS** the following:

1. The application to proceed <u>in forma pauperis</u> (Docket Entry No. 2) is **DENIED**.

2. The prisoner civil rights complaint (Docket Entry No. 1), filed by Fred A. Dixon, Jr., TDCJ No. 1465037, is **DISMISSED** with prejudice because it is frivolous and because he is **BARRED** from filing any civil rights complaints while he is incarcerated without paying the filing fee in advance. 28 U.S.C. § 1915(g).

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order, by mail or electronic means, to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and the Pro Se Clerk for the United States District Court of the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** at Houston, Texas, on this ___9th___ day of June, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE